DULUTH TRANSFER RY. Co. *vs.* NORTHERN PACIFIC R. Co., *et al.*

Submitted on brief by respondent, argued by appellant, Oct. 20, 1892. Decided Oct. 31, 1892.

**Constitutional Law—Condemnation Proceedings.**

The commencement and pendency of proceedings according to the statute for the appropriation of private property to public use does not deprive the owner of the right of alienation, and does not constitute a *taking* of property, for which, under the constitution, compensation must be "first paid or secured."

Appeal by the Northern Pacific Railroad Company, one of the defendants, from an order of the District Court of St. Louis County, *Ensign, J.,* made June 28, 1892, appointing commissioners in condemnation proceedings instituted by the Duluth Transfer Railway Company.

May 10, 1892, The Duluth Transfer Railway Company filed its petition in the District Court of St. Louis County, to condemn certain lands described therein. The Northern Pacific Railroad Company owns a parts of these lands and was made a party to the proceedings. The court on June 28, 1892, made its order appointing commissioners to assess damages, and the Northern Pacific Railroad Company appeals from this order.

*John C. Bullitt, Jr.,* for appellant.

The condemnation laws of Minnesota deprive the landowner of his right of alienation for an indefinite time, without securing to him

any compensation therefor.    From the time of the service of the no-
tice of hearing the petition, until the proceedings are finally termi-
nated, the land is tied up, the owner has no longer the power of alien-
ation.    *Trogden* v. *Winona & St. P. R. Co.*, 22 Minn. 198; *Cave-
naugh* v. *McLaughlin*, 38 Minn. 83.    That no compensation is paid
or secured to the landowner until long *after*, instead of *before*, this
taking, is perfectly clear.

The right of alienation is *property*; and the deprivation of the right
of alienation is a taking of property, within the meaning of the con-
stitutional provision.    Lewis, Em. Dom. §§ 54, 56; *Chicago & W. I.
R. Co.* v. *Englewood C. R. Co.*, 115 Ill. 375; *City of Denver* v. *Bay-
er*, 7 Col. 113; *Eaton* v. *Boston, Concord & M. R. Co.*, 51 N. H. 504;
*McKenzie* v. *Mississippi & R. R. Boom Co.*, 29 Minn. 288; *Weaver*
v. *Mississippi & R. R. Boom Co.*, 30 Minn. 477; *State* v. *Chicago,
M. & St. P. Ry. Co.*, 36 Minn. 402.

It follows that 1878 G. S. ch. 34, tit. 1, provides for the taking of
private property for public use, without just compensation therefor
first paid or secured, and is therefore unconstitutional.

*J. L. Washburn*, for respondent.

The appellant has utterly failed to show that the landowner's right
of alienation is taken away.    There is no restraint upon this right
by the institution of condemnation proceedings.    The owner can
convey his land as before, and his purchaser takes it, as his grantor
has always held it, subject to the possibility of the right of eminent
domain being exercised, but assured that his property cannot be taken
away before just compensation is paid.    *State Park Com.* v. *Henry,*
38 Minn. 270.    That the land may not sell as readily as before, is a
matter that enters into the elements of the owner's damages, but it
is not a taking of his right of alienation.    The company acquires no
right to the land, and the owner parts with none, until the action of
the commissioners and payment of the award.    *Winona & St. P. Ry.
Co.* v. *Denman*, 10 Minn. 267, (Gil. 208;) *Warren* v. *St. Paul & P.
Ry. Co.*, 18 Minn. 397, (Gil. 345;) *Carli* v. *Stillwater & St. P. Ry.
Co.*, 16 Minn. 267, (Gil. 234;) *Minneapolis* v. *Wilkin*, 30 Minn. 145;
*Weaver* v. *Mississippi & R. R. Boom Co.*, 30 Minn. 477; *Fox* v. *West-*

*ern Pacific R. Co.*, 31 Cal. 538; *United States* v. *Oregon R. & N. Co.*, 16 Fed. Rep. 524; *Chicago & I. R. Co.* v. *Hopkins*, 90 Ill. 316.

DICKINSON, J.   The whole case and argument of the appellant are based on the proposition, asserted in its behalf, that our law (1878 G. S. ch. 34, tit. 1) prescribing the method of acquiring private property for public use is unconstitutional, because from the time such proceedings are instituted, and during their pendency, the landowner is deprived of the right of alienation; that this deprivation constitutes a taking of property; and that no provision is made to the end that compensation therefor shall be "first paid or secured."

The premise upon which alone the whole argument of the appellant rests is wholly untenable.   The institution and pendency of such condemnation proceedings does not deprive the owner of the right of alienation.   He may sell and convey his entire estate wholly unrestrained thereby.   Nor is it to be supposed that his estate is rendered less valuable, or that he cannot realize its full value, by reason of the pendency of such proceedings.   To whatever extent the proposed appropriation of the property may injure the owner, it is to be legally presumed that just compensation therefor will be made to him before he is deprived of any of the rights incident to ownership. If he wishes to sell, transferring to the purchaser the right to receive such compensation, presumably he may realize the unimpaired value of the property.   If it be true that the property is rendered less salable by reason of the proposed appropriation, still that is unavoidably incident to any exercise of the undoubted power of the state to take property for necessary public uses, and to prescribe a method for determining the necessity and right to do so, and the compensation to be paid therefor.   *State Park Commissioners* v. *Henry*, 38 Minn. 266, (36 N. W. Rep. 874.)   The injury resulting merely from the institution and prosecution of such proceedings is no different from that which would follow the disclosure in any other manner of an intention to appropriate the property *in invitum*.   A legislative enactment, directing the condemnation of particularly-described premises for a public purpose, would have the same effect.   The constitution makes no provision for a preliminary payment or securing of com-

pensation for such injurious consequences as may be incident to or result from the disclosure of the fact that property is *about to be taken* under the law of eminent domain.

Order affirmed.

(Opinion published 53 N. W. Rep. 366.)

