## FILIPPO PETROLI et al. *v.* MAYOR AND CITY COUNCIL OF BALTIMORE.

[No. 14, January Term, 1934.]

*Decided February 9th, 1934.*

The cause was argued before PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Linwood L. Clark* and *J. Britain Winter,* for the appellants.

*Frank Driscoll* and *Lawrence B. Fenneman, Assistant City Solicitors,* with whom was *R. E. Lee Marshall, City Solicitor,* on the brief, for the appellee.

OFFUTT, J., delivered the opinion of the Court.

On December 23rd, 1929, the Mayor and City Council of Baltimore, hereinafter called the city, being thereto enabled by chapter 229 of the Acts of 1924, by Ordinance 902 authorized the commissioners for opening streets, hereinafter called the commissioners, to condemn, open and grade the Orleans Street Viaduct as an improved east and west highway in that city. In the exercise of the power thus conferred and in accordance with the procedure prescribed by article 4, Code P. L. L., the commissioners awarded damages and assessed benefits incident to the proposed improve-

ment, and their action in that respect was ratified and approved by Ordinance 1206, adopted December 20th, 1930.

Among other properties condemned was 308 East Street, owned by the appellants in this case, which lay in the path of the proposed improvement, for which the commissioners awarded the owners thereof $3,300. No appeal from that award was taken, the owners were satisfied, and tendered themselves ready and willing to transfer the property to the city, but it neither paid nor tendered the amount of the award, nor did it accept the landowners' offer to transfer it, but it did attempt to induce them to accept therefor 85 per cent. of the valuation fixed by the commissioners. All assessments of benefits and awards of damages incident to the proposed improvement have been finally completed, property other than that of the appellants has been acquired, the condemnation has not been abandoned, the city has elected to proceed with the improvement, but, although appellants' property is indispensable and essential to it, the city has failed, either to physically accept it, or to pay the appellants the damages awarded to them as compensation therefor, although frequently requested so to do.

On July 21st, 1933, the appellants brought in the Court of Common Pleas of Baltimore City an action against the city to recover damages for loss occasioned to them by the city's delay in "carrying out the provisions of the award." A demurrer to their amended declaration filed in the case was sustained, with leave to the plaintiffs to file a second amended declaration within fifteen days. Subsequently, after proceedings which are not material here, judgment for the defendant for costs was entered upon the failure of the plaintiffs to file such amended *narr.* From that judgment the landowners appealed.

Appellants' contention appears to be that, upon the facts alleged in the *narr.,* the city's delay in paying the award was unreasonable, that the condemnation of their property for an improvement to which it is essential, and which will be completed, rendered it unsalable and destroyed its market value, and that therefore they are entitled to recover dam-

ages in this action. Appellee's contention is that whatever appellants' abstract rights may be, they have failed in the declaration to allege concrete facts sufficient to warrant a recovery.

While not universally recognized (*Nichols on Em. Dom.*, sec. 420, 20 C. J. 1086), the law of this state long has been that a condemning corporation is responsible to a landowner for special damages actually suffered through its unreasonable delay in electing either to abandon the condemnation of his property, or to pay the award therefor. *Graff v. Baltimore*, 10 Md. 553; *Norris v. Baltimore*, 44 Md. 606; *Baltimore v. Musgrave*, 48 Md. 282; *Black v. Baltimore*, 50 Md. 241; *Baltimore v. Black*, 56 Md. 338; *Record Bldg. & Loan Assn. v. Safe Deposit & Trust Co.*, 166 Md. 348. But to justify a finding that the delay was unreasonable there must be some showing that it was due to bad faith, negligence, or default in some legal duty (20 C. J. 1084), and ordinarily whether it was unreasonable is a jury question. *Baltimore v. Black*, 56 Md. 338.

Tested by those principles, while the facts stated in the declaration are sufficient to support the inference that the city's delay in paying appellants the amount awarded them for their property was not only unreasonable but intentional and oppressive, they are not sufficient to show that the delay caused any special loss or damage to them.

The only allegations relating to damages found in the *narr.* are that: "The plaintiffs herein have suffered great loss and damage, in that the said property of the plaintiffs, to wit: No. 308 East Street, Baltimore, Maryland, being an integral, essential and indispensable part of the project of opening the viaduct aforesaid, the said project cannot be completed without the taking of the plaintiffs' property aforesaid, and the said project not having been abandoned by the defendant herein and the said award being a matter of record from which it appears that the defendant herein has exercised its rights of eminent domain in the taking of the property of the plaintiffs as aforesaid, the market value of the plaintiffs' property, to wit: No. 308 East Street, Baltimore, Maryland,

has been totally destroyed and the same has been rendered unsaleable." But conceding that the appellants are prevented by the award from selling their property to the best advantage, it does not follow that they have been damaged, unless they have also been prevented from using it. For if the city eventually takes the property, it must pay the appellants what they in effect concede is the full value thereof, and if in the meantime they have used it in the most beneficial manner permitted by its nature and character, it is not apparent how they have been damaged. It is entirely consistent with the declaration that the appellants have been and are in the full and undisturbed use and possession of the property, and have derived every benefit from it they would have enjoyed had there been no condemnation. If that was the case, they have suffered no damage from the delay of which they complain recoverable in this action. It is, of course, possible that the recorded award prevented them from selling the property, and that they lost thereby the use of the proceeds of such sale, or that because of the progress of the improvement the property was so isolated or affected that they were not able to make any beneficial use of it, but no such facts are alleged in the declaration, and in the absence of such allegations their existence cannot be assumed.

Nor are they entitled to recover in such an action as this the market value of the property, or, in other words, the condemnation award. Until the condemning corporation has actually taken the property, as in *Pennsylvania R. Co. v. Reichert,* 58 Md. 261, or until title has become vested in it by payment or tender of the award, the rights of the parties are so far ambulatory that the condemning corporation may abandon either the entire project or its right to take the particular property at the award. *Pitsnogle v. W. Md. R.,* 123 Md. 667, 91 A. 831. If the landowner could recover the award, which in such a case is synonymous with the market value of the property, in an action at law, the right of the condemning corporation to abandon the privilege of taking the property at the award would be completely destroyed.

It was suggested in the oral argument that the city's delay

in paying the award in itself amounted to a taking of the property, but it is not open to question that mere delay has no such effect, for the city had the right at any time to abandon the contemplated improvement, and surrender its right to take the property. *Baltimore v. Musgrave, supra.* It was also stated in appellants' brief that the city had paid for and acquired other properties and so far progressed with the improvement that appellants' property was left "sitting alone in the middle of a viaduct," and that that course of conduct amounted to an appropriation of the property. But no such facts are alleged in the declaration, and in considering the demurrer to it this court is not at liberty to aid its averments by adding to them the arguments of counsel.

Since the declaration fails to show that the appellants have suffered any special damage as a result of the appellee's delay, and since the appellee is not bound to accept and pay for the property, but may at its election abandon any rights accruing to it under the condemnation proceeding, and as the title to the property is vested in the appellants and will continue to be vested in them if the appellee does abandon such rights, it follows that no cause of action is stated, and the demurrer to the declaration was properly sustained. The judgment appealed from will therefore be affirmed.

*Judgment affirmed, with costs.*