Williams, J.
 

 The demurrer to the petition admits all facts well pleaded and they must be assumed to be true in determining the sufficiency of the pleading.
 

 The first step to consider is whether the petition pleads a taking of property within the purview of Section 19, Article I of the Constitution of Ohio, which requires compensation to be made for property “taken for public use.”
 

 The right of eminent, domain is an attribute of
 
 *142
 
 sovereignty, and, being inherent in the state, exists independent of constitutional provision; but the electorate, through the fundamental law, may limit, enlarge or define the right. The state Constitution, by allowing compensation solely for the taking, fixes'the limit of the condemnor’s liability. Since appropriation is an exercise of lawful power within prescribed constitutional limitations and private property is subject to condemnation for public use on payment therefor as required by’the state Constitution, there can be no liability for compensation except such as arises in favor of the owner for the taking. When there is no taking there is no liability.
 

 In some of the early cases in, this country, the courts, adhering to the conception of property as the thing owned, construed the taking alluded to in state constitutions to be a “taking altogether,” an appropriation and dispossession of the owner, which deprived him of the corpus of the property, and compensation was limited accordingly. The broader view, which now obtains generally, conceives property to be the interest of the owner in the thing owned, and the ownership to afford the owner the rights' of use, exclusion and. disposition. Under this broad construction there need not be a physical taking of the property or even ■dispossession; any substantial interference with the elemental rights growing out of ownership' of private property is considered a taking.
 

 In Ohio the broad interpretation prevails and compensation has been allowed for loss of riparian rights, for the impairment of the abutting owner’s right in the street, which is in the nature of an incorporeal hereditament, for the casting of extraneous and annoying substances on the owner’s land and in many other instances; thus it has been firmly established that there may be a recovery not only for a taking altogether but also for a taking
 
 pro tanto. City of
 
 
 *143
 

 Norwood
 
 v.
 
 Sheen, Exr.,
 
 126 Ohio St., 482, 186 N. E., 102, 87 A. L. R., 1375;
 
 Schimmelmann
 
 v.
 
 Lake Shore 6 Michigan Southern Ry. Co.,
 
 83 Ohio St., 356, 94 N. E., 840, 36 L. R. A. (N. S.), 1164;
 
 City of Mansfield
 
 v.
 
 Balliett,
 
 65 Ohio St., 451, 63 N. E., 86, 58 L. R. A., 628;
 
 Lotze
 
 v.
 
 City of Cincinnati,
 
 61 Ohio St., 272, 55 N. E., 828;
 
 Cohen
 
 v.
 
 City of Cleveland,
 
 43 Ohio St., 190, 1 N. E., 589;
 
 Reeves
 
 v.
 
 Treasurer of Wood County,
 
 8 Ohio St., 333, 346;
 
 Crawford
 
 v.
 
 Village of Delaware,
 
 7 Ohio St., 459.
 

 “The value of property consists.in the owner’s absolute right of dominion, use, and disposition for every lawful purpose. This necessarily excludes the power of others from exercising any dominion, use or disposition over it. Hence, any physical interference by another, with the owner’s use and enjoyment of his property, is a taking to that extent. To deprive him of any valuable use of his land is to deprive him of his land,
 
 pro tanto.
 
 So that, the principle of the Constitution is as applicable where the owner is partially deprived of the uses of his land, as where he is wholly deprived of it. Taking of a part is as' much forbidden by the Constitution as taking the whole.”
 
 City of Mansfield
 
 v.
 
 Balliett, supra.
 

 “If the change [of grade] renders his [the abutting owner’s] buildings less convenient of access and usé than they were before, there may- be an appropriation
 
 pro tanto
 
 of his property right in the easement, for which he should receive compensation * *
 
 Lotze
 
 v.
 
 City of Cincinnati, supra.
 

 There are many other cases in this jurisdiction which bear upon the legal problem under discussion but none to our knowledge which denies compensation for a taking- because the invasion of property was not physical but mefely resulted in the impairment of a right appendant or appurtenant to the corpus.
 

 In the instant case the allegations of the petition
 
 *144
 
 do not show a taking either altogether or
 
 pro tanto;
 
 and so the pleading is demurrable unless there can be (1) recovery for consequential damages when there is no taking or (2) recovery of damages for unreasonable delay.
 

 The construction of public improvements often results in the lessening of the value of property near by which is not taken. Since courts in general had held that loss to property owners suffering no taking of their property was
 
 damnum absque injuria
 
 under a constitutional provision allowing compensation for a taking only, persons who emphasized the importance of individual rights as against the public interest started a movement for constitutional change. As a result many of the state constitutions were amended so as to allow compensation for property “taken or damaged” by the improvement. Under the changed phraseology, most of the courts hold that there may be a recovery for consequential damages without any taking.
 
 Chicago
 
 v.
 
 Taylor,
 
 125 U. S., 161, 31 L. Ed., 638, 8 S. Ct., 820;
 
 Board of County Commissioners of Logan County
 
 v.
 
 Adler,
 
 69 Col., 290, 194 P., 621, 20 A. L. R., 512, and annotation;
 
 King
 
 v.
 
 Stark County,
 
 67 N. D., 260, 265, 271 N. W., 771;
 
 Chicago, R. I. & P. Ry. Co.
 
 v.
 
 Prigmore,
 
 180 Okla., 124, 68 P. (2d), 90;
 
 Chicago, R. I. & P. Ry. Co.
 
 v.
 
 Hughes,
 
 180 Okla., 604, 71 P. (2d), 693;
 
 Thompson
 
 v.
 
 City of Philadelphia,
 
 (Miss.) 177 So., 39; 2 Nichols on Eminent Domain (2 Ed.), 844, Section 311.
 

 In the decisions of this court, reference has' been made at times to consequential damages but in no instance has the right to them been recognized except when they have resulted from a'taking. It is true damages to residue have been allowed where only part of the owner’s property is appropriated
 
 (Grant
 
 v.
 
 Village of Hyde Park,
 
 67 Ohio St., 166, 65 N. E., 891);
 
 *145
 
 but in such instances damages are allowed as a part of the compensation and not as consequential damages.
 

 In
 
 New York, Chicago & St. Louis Rd. Co.
 
 v.
 
 Busci,
 
 128 Ohio St., 134, 190 N. E., 562, 93 A. L. R., 632, the plaintiffs sought damages for being left in a
 
 cul de sac.
 
 There is no reference in the opinion to consequential damages but recovery was denied because damages to the abutting owner, if any, differed in degree but not in kind from that of the general public.
 

 In
 
 Schimmelmann
 
 v.
 
 Lake Shore & Michigan Southern Ry. Co., supra,
 
 the plaintiffs brought an action to recover damages arising from a grade crossing elimination. A subway was constructed along the far side of the street on which plaintiffs’ property abutted and narrowed the street by about four feet. The court in its opinion states that the action is “for damages for the depreciation of individual property caused directly by the defendants in eliminating the grade crossing — real and substantial consequential damages which plaintiff sustained, differing in kind from those, if any, sustained by the general public.” The
 
 Busci
 
 and
 
 Schimmelmann cases
 
 in our judgment may not be interpreted as affording consequential damages to an owner in any instance unless there is a taking. In these cases there was no physical taking of the property and in determining whether there was a taking
 
 pro tanto
 
 with respect to the easement of the owner in the street, the court applied the test usually invoked in marginal cases. In cases' of that character there can be no taking when the property owner suffers an injury to his property-which differs in degree but not in kind from that sustained by the general public.
 

 The conclusion is inevitable that in Ohio, if there is no taking there can be no. recovery of consequential damages.
 

 •Does the petition state a cause of action for damages for unreasonable delay?
 

 
 *146
 
 The pendency of appropriation proceedings may often work an injury to the owner of the property sought to be condemned. The uncertainty of his tenure may render it unwise to undertake needed improvements or necessary repairs and prospective purchasers may hesitate to buy property which is likely to draw them into litigation. As a result the value of the land is affected. However, any owner of property is confronted with the possibility of its being taken for public use and so it may be said that the pendency of the proceeding to condemn places the owner of the property sought to be appropriated in a situation of uncertainty that differs only in degree from that of the general public. Accordingly the courts have generally held that in the absence of any wrongful and injurious act, any loss arising from the abandonment of appropriation proceedings is
 
 damnum absque injuria. Carson
 
 v.
 
 City of Hartford,
 
 48 Conn., 68;
 
 Stevens
 
 v.
 
 Borough of Danbury,
 
 53 Conn., 9, 22 A., 1071;
 
 Howard
 
 v.
 
 Illinois Cent. Rd. Co.,
 
 64 F. (2d), 267;
 
 Mayor and City Council of Baltimore
 
 v.
 
 Musgrave,
 
 48 Md., 272, 30 Am. Rep., 458;
 
 Feiten
 
 v.
 
 City of Milwaukee, 47
 
 Wis., 494, 2 N. W., 1148;
 
 Mallard and Armistead
 
 v.
 
 City of Lafayette,
 
 5 La. Ann. Rep., 112;
 
 Bergman
 
 v.
 
 St. Paul, Stillwater & Taylor’s Falls Rd. Co.,
 
 21 Minn., 533;
 
 Andrus
 
 v.
 
 Bay Creek Ry. Co.,
 
 60 N. J. L., 10, 36 A., 826;
 
 Duluth Transfer Ry. Co.
 
 v.
 
 Northern Pacific Rd. Co.,
 
 51 Minn., 218, 53 N. W., 366.
 

 In some jurisdictions the courts have held that the abandonment of the proceedings after delay for an unreasonable length of time may, under the particular facts involved, give rise to\an action for the recovery of the loss' sustained.
 
 Feiten
 
 v.
 
 City of Milwaukee, supra; Carson
 
 v.
 
 City of Hartford, supra; Winkleman
 
 v.
 
 City of Chicago,
 
 213 Ill., 360, 72 N. E., 1066;
 
 Petroli
 
 v.
 
 Mayor and City Council of Baltimore,
 
 166 Md., 431, 171 A., 45;
 
 McCready
 
 v.
 
 Rio Grande Western Ry. Co.,
 
 
 *147
 
 30 Utah, 1, 83 P., 331;
 
 Norris
 
 v.
 
 Mayor and City Council of Baltimore,
 
 44 Md., 598;
 
 Mayor and City Council of Baltimore
 
 v.
 
 Musgrave, supra; Black
 
 v.
 
 Mayor and City Council of Baltimore,
 
 50 Md., 235, 33 Am. Rep., 320;
 
 Simpson
 
 v.
 
 Kansas City,
 
 111 Mo., 237, 20 S. W., 38;
 
 Ford
 
 v.
 
 Board of Park Commissioners of City of Des Moines,
 
 148 Iowa, 1, 126 N. W., 1030, Ann. Cas. 1912B, 940;
 
 Isley
 
 v.
 
 City of Attica,
 
 59 Ind. App., 694, 109 N. E., 918.
 

 In instances in which the delay of those constructing the improvement is accompanied by bad faith or oppression in endeavoring to depreciate the owner’s property so as to obtain it by condemnation or otherwise at a decreased valuation resulting in injury and damage to the owner, some authorities hold that a tortious act has’ been committed for which there may be a recovery of damages.
 

 It is impossible to reconcile the cases and it is unnecessary here to draw distinctions between unharmonious decisions. The cross currents of judicial opinion are pointed out in an annotation in 31 A. L. R., 352. Some courts have distinguished public from quasi-public corporations in formulating a rule of liability as to abandonment of the proceeding. No such distinction need be made in the instant case and the municipality and the railroad company may well be treated as standing on an equal footing under the peculiar facts presented in the petition.
 

 Abandonment is covered, in part at least, by statute in this state. Section 11060, G-eneral Code, contains this provision: “The corporation may abandon any case or proceeding' after paying into court, the amount of the defendant’s costs, expenses, and attorney fees, as found by the court.”
 

 The maxim
 
 expressio unius est exclusio alterius
 
 is controlling in the interpretation of this provision and the implication is' plain that damages are not recover
 
 *148
 
 able for mere failure to pay the compensation fixed and take the property for the reason the statute makes no reference to damages. If abandonment after adjudication does not give rise to an action for damages,
 
 a fortiori,
 
 abandonment at an earlier date and during •pendency of the proceeding of itself can not be made the basis of recovery. However, this court is not holding that there would be no liability for damages in an instance in which there was an abandonment after unreasonable delay accompanied by tortious act and resulting injury. On that question this court does not pass.
 

 What really happened in the instant case as shown by the petition may be summarized thus: The city brought an action against the railroad company and others to abolish grade crossings (there is no allegation that plaintiffs were parties to that proceeding), which 'resulted in a decree by which the parties were ordered to acquire by purchase or condemnation certain properties' among which was the property of plaintiffs. Thereafter the defendants acquired property in the territory surrounding plaintiffs’ premises, razed the buildings thereon and proceeded with the improvement; but no action was begun against plaintiffs herein to appropriate their property and plaintiffs filed in the Court of Common Pleas the petition involved herein after eighteen or nineteen years had elapsed.
 

 Though there was delay in bringing an action against plaintiffs for acquiring their property, plaintiffs acquiesced in this delay without remonstrance or complaint and without demand of any kind; moreover there was no delay in nor abandonment of an appropriation suit because none was ever begun. There was merely the preliminary order to acquire the property and the subsequent delay which amounted to not more
 
 *149
 
 than temporary abandonment of further proceedings at the best.
 

 The rule that applies to this phase of the case is well stated in 2 Nichols on Eminent Domain (2 Ed.), 1107, Section 420: ‘ ‘ Even in jurisdictions which allow damages to be recovered when the proceedings are discontinued after unreasonable delay it is held that if there is no remonstrance or complaint by the parties interested, or demand that the proceedings’ be concluded forthwith or dismissed, the condemning party is justified in concluding that no one is being damaged by the delay, and cannot be charged with negligence or bad faith, and, in any event, to support a claim for damages for discontinuance of condemnation proceedings, the proceedings must have been actually begun,
 
 and a preliminary order merely vesting in a certain body power to take certain property can give rise to no claim for damages because of uncertainty of tenure and injury to business.”
 
 (Italics ours.)
 

 The text quoted is borne out by
 
 Black
 
 v.
 
 Mayor and City Council of Baltimore, supra,
 
 and
 
 Shanfelter
 
 v.
 
 Mayor and City Council of Baltimore,
 
 80 Md., 483, 31 A., 439, 27 L. R. A., 648.
 

 The petition was subject to a demurrer for these reasons: It did not allege facts to show a taking; there was no right to a recovery for coiisequential damages resulting, from the taking of other property and the construction of the improvement; the delay was in carrying put an order to condemn made in a preliminary proceeding and the allegations show plaintiffs acquiesced in the delay.
 

 The judgment of the Court of Appeals.will be reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman and Gorman, JJ., concur.