LANGANAU MFG. CO., APPELLANT, *v.* CITY OF CLEVELAND, CLEVELAND TRANSIT SYSTEM, APPELLEE.

(No. 22792—Decided March 2, 1953.)

*Messrs. Strangward, Lloyd & Cameron* and *Mr. F. Butler,* for appellant.

*Mr. Robert Mooney* and *Messrs. Green, Woods, Lausche & Wilmot,* for appellee.

SKEEL, J. This appeal comes to this court on questions of law and fact from a judgment of the Common Pleas Court of Cuyahoga County, dismissing the plaintiff's petition wherein an injunction was prayed for to prevent the defendant from trying a condemnation proceeding seeking to take plaintiff's property as a necessary step in the building of a rapid transit system for public transportation in the city of Cleveland.

The plaintiff is the owner of a manufacturing plant located on the south side of Franklin Avenue at West 84th Street. The property also faces along the north side of the New York, Chicago & St. Louis Railroad Company right of way.

The need for plaintiff's property comes about under the following circumstances: The line of travel of the rapid transit system from East Cleveland to somewhere near West 105th Street and Detroit Avenue follows, and in some places occupies in part, the present right of way of the New York, Chicago & St. Louis Railroad Company. At or near the location of the plaintiff's property it has been found necessary for the two tracks of the rapid transit to occupy the place where the main tracks of the railroad company are now located. This necessitates relocating the railroad tracks and in order to provide the railroad with the same operating facilities that it now has, four tracks (two main tracks and two passing tracks) must be constructed north of the tracks taken over by the rapid transit system.

To accomplish this purpose, the transit board entered into a contract with the New York, Chicago & St. Louis Railroad Company which, in part, provided that the transit board will acquire the necessary land and relocate the railroad company's tracks. The plaintiff's land is a part of that which is necessary to carry out the terms of the agreement. Two primary questions are presented by this proceeding:

First, it is the claim of plaintiff that subdivision 14 of Section 3677, General Code, is in violation of constitutional provisions in permitting the transit system to take its property without full compensation. This claim is based on the allegation that no compensation, for damage to plaintiff's business in being compelled to move and the incidents resulting therefrom which it estimates will be in excess of $100,000 over and above the value of the real estate, will be allowed or paid in the condemnation proceeding which this proceeding seeks to enjoin.

The proceeding in condemnation is provided for by the Constitution and statutes of the state of Ohio. Whether the power to take plaintiff's property exists and whether that power is being legally exercised cannot be challenged in a collateral proceeding. As stated in 21 Ohio Jurisprudence, 1211, Section 138:

"Injunction will not be granted against the maintenance of an action which the statute expressly provides may be prosecuted."

The case upon which plaintiff places great reliance, *P. C. C. & St. L. Ry. Co.* v. *City of Greenville,* 69 Ohio St., 487, 69 N. E., 976, is not in point. The court there had for consideration Section 2233, Revised Statutes (since repealed), which provided that a city could appropriate the right to open and extend a street across the tracks of a railroad, "* * * where such appropriation will not unnecessarily interfere with the reasonable use of the property so crossed by any such improvements * * *."

It was rightfully held that the limitation of the right to appropriate a right of way over the plaintiff's tracks was an issue that could not be tried out in the appropriation proceeding, and the bringing of an action in injunction to try out the question of "unreasonableness" was procedurally correct. The right of the city to construct a rapid transit system and to acquire by

appropriation the necessary land to accomplish that purpose is here not questioned.

The filing of the appropriation proceeding by the city preceded the filing of this action for injunction in point of time, so that all questions which can be raised in the appropriation case cannot again be presented by a collateral action. Whether the authority granted the city by subdivision 14 of Section 3677, General Code, comes within constitutional limitations is a question which can always be raised in the proceeding in which it is attempted to exercise such power. Until the damages are assessed, the plaintiff cannot determine whether he has suffered any deprivation of his constitutional rights.

Whether the plaintiff has a legal claim for loss of profits, cost of moving, and like expense, and whether the failure to allow damages other than the true value of the real estate, where all the plaintiff's property is being taken, is a matter of considerable doubt. In 29 Corpus Juris Secundum, 1031, Section 162, in the chapter on eminent domain, the author says:

"Generally injury to business or good will or loss of profits are not elements of damages."

If there be any just legal claims for damages not included in the value of the real property, a court of law will afford a plaintiff a complete remedy.

*Rhodes* v. *City of Cleveland,* 10 Ohio, 159, 36 Am. Dec., 82; *Town Council of Akron* v. *McComb,* 18 Ohio, 229, 51 Am. Dec., 453; *Lake Shore & Michigan Southern Ry. Co.* v. *Cincinnati, Sandusky & Cleveland Ry. Co.,* 30 Ohio St., 604; *Cohen* v. *Cleveland,* 43 Ohio St., 190, 1 N. E., 589; *Grant* v. *Village of Hyde Park,* 67 Ohio St., 166, 65 N. E., 891; *Schimmelmann* v. *Lake Shore & Michigan Southern Ry. Co.,* 83 Ohio St., 356, 94 N. E., 840, 36 L. R. A. (N. S.), 1164; *Smith* v. *Erie Rd. Co.,* 134 Ohio St., 135, 16 N. E. (2d), 310; *State, ex*

*rel. McKay, Exr.,* v. *Kauer, Dir. of Highways,* 156 Ohio St., 347, 102 N. E. (2d), 703.

In 15 Ohio Jurisprudence, 1052, Section 392, it is said:

"An injunction against the construction of an improvement may be refused where recovery of damages is an adequate remedy, and where the improvement is of great importance to the public. Where the defendant has an ultimate right to do the act sought to be enjoined, upon certain conditions, and the means of complying with such conditions are not at his command, the courts will endeavor to adjust their orders so as, on the one hand, to give to the complainant the substantial benefit of such conditions, while, on the other, not restraining the defendant from the exercise of his ultimate rights."

The second question here presented is the right of the city to take plaintiff's property for the purpose of reconstructing and relocating the New York, Chicago & St. Louis Railroad Company tracks thereon, to enable the rapid transit system to build their tracks on the present right of way of the railroad. This is the plan that has been adopted, and there is nothing in the case which tends to show that such plan is unreasonable or that any other plan is available to the rapid transit board.

The contract (which was of record long before this condemnation proceeding was filed) between the transit board and the railroad company requires that the transit board relocate the railroad tracks and provide the railroad company with facilities sufficient to enable it to render the same services it is now able to give with its present facilities. This is all made necessary because of the need of the transit board to build its tracks where the main-line tracks of the railroad company are now located. The acquiring of plaintiff's property is necessary for this purpose

and such need is clearly incidental to providing rapid transit service for the public convenience and necessity.

There can be no doubt that the rapid transit board would have no right to take the railroad right of way, if such action in effect would prevent the railroad company, in whole or in part, from carrying on its business or service to the public as a common carrier. For the transit board to build tracks through this location it is absolutely necessary that additional property be acquired to accomplish such purpose.

There is considerable doubt as to the right of the railroad company to dispose of its facilities which are wholly adequate to its needs and then seek to exercise the right of eminent domain to acquire a new right of way to enable it to give the same service that it was able to give before disposing of its original right of way. Under the facts of this case, the public authority in need of acquiring property to build a rapid transit system for the convenience of the people of Cleveland is that of the transit board, not the New York, Chicago & St. Louis Railroad Company.

The board's resolution declaring the necessity of appropriating plaintiff's property for its purposes reads in part as follows:

"That it is deemed necessary, and it is hereby declared to be the intention of this transit board, to appropriate the fee simple interest in and to the premises hereinafter described for use for urban transportation facilities."

Such resolution is fully sufficient upon which to take the plaintiff's property under the stipulation of facts here agreed upon, and in part as above set forth.

Decree is rendered for defendant as was rendered in the Common Pleas Court.

*Decree for defendant.*

HURD, P. J., and KOVACHY, J., concur.