Matthias, J.
The question raised by this appeal is whether plaintiff has stated a cause of action against defendant, a municipal corporation, for damages for nuisance or for compensation for the taking of private property for public use, by alleging that the odor arising from a sewage disposal plant, owned and controlled by defendant, has caused a loss to plaintiff of the comfortable enjoyment of her land.
This court has recently disposed of the first issue by holding that a municipal corporation is not liable to owners of adjacent lands for a nuisance arising from the collection and disposition of garbage. Osborn v. City of Akron, 171 Ohio St., 361.
However, plaintiff claims also that the resulting injury to her property constituted a taking of her property, within the meaning of Section 19, Article I of the Ohio Constitution, *284 for which she must be compensated. Section 19, Article I, provides as follows:
“Private property shall ever be held inviolate but subservient to the public welfare. When taken in time of war or other public exigency, imperatively requiring its immediate seizure or for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, in money: and in all other cases, where private property shall be taken for public use, a compensation therefor shall first be made in money, or first secured by a deposit of money; and such compensation shall be assessed by a jury, without deduction for benefits to any property of the owner. ’ ’
It should be noted that this section limits the right to compensation to cases where private property is taken for public use. If the framers of the Ohio Constitution intended to require compensation whenever property was damaged by governmental activity, they could have so provided in unmistakable language. Many states have done so. Their constitutions provide in substance that private property shall not be taken for or damaged by public use without compensation. See 2 Nichols, Eminent Domain, 376, Section 6.1 [3] n. 29.
The determination in every case as to whether an Ohio property owner is entitled to compensation for alleged injury to his property resulting from governmental activity binges on the question of whether there has been a taking of his property. The word, “taken,” connotes something different from damage to property, and to construe it as meaning “damaged” would be strained and unnatural. We find that, under the language of the Ohio Constitution, something more than damage to his property is necessary to entitle the owner to compensation. Thus, for plaintiff to recover she must show that there has been a taking of her property. Proof that her property was damaged is not in itself enough to entitle her to compensation. See Bedford v. United States, 192 U. S., 217, 224; Transportation Co. v. City of Chicago, 99 U. S., 635, 642.
Cases in which compensation has been awarded under a provision similar to Section 19, Article I, involve more than a loss of market value or loss of the comfortable enjoyment of *285 property. Ordinarily in order to constitute a taking, the governmental activity must physically displace a person from space in which he was entitled to exercise dominion consistent with the rights of ownership. A common case is where the property is repeatedly flooded. Lucas v. Carney et al., Board of County Commrs. of Mahoning County, 167 Ohio St., 416. In effect, the government has appropriated the flooded area since the ability to use it for any normal purpose is denied.
So, also, a person may be deprived of his property by an invasion of the airspace above his property. A property owner has rights to so much of the airspace as he might reasonably use, just as he has rights to the surface area. A finding that the plaintiff was displaced from, and denied the ability to use, such airspace was the basis on which United States v. Causby, 328 U. S., 256, and Griggs v. Allegheny County, 369 U. S., 84, were decided. See, also, Portsmouth Harbor Land and Hotel Co. v. United States, 260 U. S., 327. If the government uses space for a glide path, which the owner of the property below might reasonably use, it has appropriated his property just as much as if it had used the surface for a runway. United States v. Causby, supra, 262.
Physical displacement is not always necessary. A taking may also be found where it is clear that the injury sustained by a person differs substantially in kind from that sustained by others in the neighborhood, even though there has been no physical displacement. Thus a person might recover by showing that the damage was directed at his particular property (Richards v. Washington Terminal Co., 233 U. S., 546) or by showing that the damage was so extreme as to amount to a substantial deprivation of all the rights of ownership. See United States v. General Motors Corp., 323 U. S., 373, 378.
However, the fact that property is rendered less desirable as a result of the governmental activity does not in and of itself constitute a taking so as to entitle the owner thereof to compensation.
The damages which plaintiff is claiming in the instant case resulted from the appropriation of nearby property and the use of such property as a sewage disposal plant. In cases where there has been a taking of his property, plaintiff is *286 entitled to be compensated for consequential damage to bis remaining property as well as for the market value of the property appropriated. However, if there has been no taking of property, damages consequential to the taking of other property in the neighborhood are not recoverable. The loss suffered by the owner in such a situation is damnum absque injuria. Smith v. Erie Rd. Co., 134 Ohio St., 135, paragraph two of the syllabus.
This distinction is clearly shown in cases involving damage caused by the noise and vibration of airplanes. Liability is imposed only as to those over whose land the glide path is appropriated. Owners of property laterally near but not under the ■ flights are not compensated for such damage. Batten v. United States, 306 F. (2d), 580. See, also, Nunnally v. United States, 239 F. (2d), 521, where compensation was denied for diminution in value of a recreational cottage due to practice bombing on an adjoining federal proving ground.
In the instant case, plaintiff was not displaced from any of her property, the damage was not intentionally directed at her property, and she was not deprived of all or most of her interest in the property as her home was not made uninhabitable as a result of the odor. In substance, plaintiff is claiming that her property is less desirable due to the presence of the sewage disposal plant. Her damage is the same as that which everyone living in the vicinity suffered in varying degrees, Since plaintiff, as a member of the public, shares in the benefits of such governmental activity as sewage disposal, she must also share in its incidental burdens.
The allegations of the petition do not state a cause of action against defendant in either nuisance or for the taking of private property for public use. The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, O’Neill, Griffith and Herbert, JJ., concur.