## LANCE V. AMBROSE *v.* HOWARD GERSH

[No. 1276, September Term, 1979.]

*Decided June 16, 1980.*

The cause was argued before Lowe, Liss and MacDaniel, JJ.

*Barry C. Steel* and *Glen M. Fallin* for appellant.

*Glenn W. Bell, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

MacDANIEL, J., delivered the opinion of the Court.

On November 1, 1978, appellant Lance V. Ambrose filed a Declaration in the Superior Court of Baltimore City against Howard Gersh, appellee, requesting damages as a result of alleged slanderous and defamatory statements made by Gersh against appellant. A demurrer to the Declaration was sustained, with leave to amend. Thereafter, on May 3, 1979, appellant filed an Amended Declaration. Appellee once again demurred, and the trial court sustained the demurrer without leave to amend, ruling as follows:

> "Upon a review of the Court file, including the testimony before the Community Relations Commission, and consideration of argument of counsel, the Court is of the opinion that the Defendant in giving his testimony before the Commission was acting within the scope of his employment as an Assistant State's Attorney for the City of Baltimore and therefore is immune from suit. It seems clear from the transcript of the testimony that he was speaking on the part of the State's Attorney's Office and that his testimony lacks any suggestion of malice against the Plaintiff.
>
> It is also clear that he was testifying as a witness before a duly authorized governmental agency. He was duty bound under the circumstances to relate the occurrence in question to the Commission.
>
> The Court need not reach the issue raised, whether the statement, 'At that point, very frankly and very honestly, we are very close to an indictable offense for obstruction of justice,' is defamatory in nature. *See Foster v. Pearcy,* 387 N.E.2d 446 (1979).
>
> Consequently, the Defendant's Demurrer to the Amended Declaration is hereby SUSTAINED

without leave to Amend. Judgment in favor of the Defendant."

In this appeal appellant alleges error to the trial court's decision to sustain the demurrer and dismiss his suit. We agree with appellant, and based upon this procedural error we shall reverse and remand for further proceedings.

Appellant was an employee of the City of Baltimore — more specifically, a member of the city's Community Relations Commission (CRC). Appellee was an Assistant State's Attorney for Baltimore City. On or about October 20, 1978, the CRC conducted a public hearing, at which time appellee gave testimony allegedly containing the slanderous and defamatory statements.

Maryland Rule of Procedure 301, governing the form and contents of pleadings, provides in part, in subsection b:

"A pleading shall be brief and concise and contain only such statements of fact as may be necessary to constitute a cause of action or ground of defense, except as may otherwise be necessary for purposes of demurrers and motions. . . . The contents of a pleading or of an exhibit attached thereto, or any part thereof, may be adopted by reference in a different part of the same pleading or in another pleading or in any motion."

And, in subsection c:

"Any pleading which contains a clear statement of the facts necessary to constitute a cause of action or ground of defense shall be sufficient without reference to mere form, and it shall not be necessary to state time or place in a pleading except where time or place forms a part of the cause of action or ground of defense."

Maryland Rule 345 governs proceedings and rulings on demurrers. We enunciated the test of a demurrer under this

rule in *Gallant v. Bd. of County Comm'rs,* 28 Md. App. 324 (1975), at 329:

"When hearing a demurrer to a bill of complaint, the chancellor should assume as true, for the purposes of demurrer, all of the well pleaded facts in the bill of complaint and attached exhibits, as well as the inferences which may be drawn from those well pleaded facts. *Parish v. Md. and Va. Milk Producers Ass'n, Inc.,* 250 Md. 24, 71. In its determination, the court may not assume facts not pleaded . . ., *Petroli v. Baltimore,* 166 Md. 431, 436, nor may additional facts relied on by a party be supplied. *Nohowel v. Hall,* 218 Md. 160, 164. The ruling is limited to a consideration of the pleading demurred to, and instruments or documents which do not form a part of the pleading may not be considered. *Pullman Co. v. Ray,* 201 Md. 268."

And *see Beach v. Mueller,* 32 Md. App. 219 (1976). Furthermore, in *Hooke v. Equitable Credit Corp.,* 42 Md. App. 610, 616 (1979), we wrote: "To withstand a demurrer a party need only allege facts which, if proven, would entitle him to relief."

A review of appellant's Amended Declaration and the partial transcript of testimony from the October 20, 1978 CRC hearing (attached to and incorporated in the Amended Declaration as Exhibit 1) discloses the following allegations.

1. Appellant was a trusted and respected employee in governmental service, and a staff member of the Community Relations Commission of Baltimore City.

2. Appellee appeared at the October 20, 1978, meeting of the CRC as a private citizen and not within the scope of his employment as an Assistant State's Attorney.

3. Appellee volunteered to appear before the CRC; he was neither subpoenaed by the CRC nor requested to testify.

4. Appellee maliciously, recklessly and negligently did falsely and slanderously accuse appellant of having committed the criminal offenses of obstruction of justice and subornation of perjury.

5. The slanderous statements were broadcast to persons at the meeting, and to those listening to radio transmissions of the meeting.

6. Appellee's accusations were calculated to and did hold appellant up to public scorn, hatred and ridicule and were calculated to and did injure and prejudice appellant in his employment and profession by hindering his ability to effectively discharge his duties as a staff member of the CRC. The statements injured his good name and reputation generally.

As we view the law in this State on the subject of defamation there are two possible bases upon which the slanderous statements allegedly made by appellee could be immunized: prosecutorial immunity and witness immunity. However, in view of the allegations contained in appellant's Amended Declaration, neither of these bases was sufficient to nonsuit him.

To begin with, prosecutorial immunity could not possibly have been a proper basis upon which to sustain a demurrer in this case. Notwithstanding the question whether the specific privilege has ever been recognized by courts in this State,[1] appellant specifically alleged that appellee appeared before the CRC unbidden, not under subpoena, as a private citizen and not in his capacity as an Assistant State's Attorney. Appellee asserts that "there is no question" that

---

1. Appellee argues that "although the issue of prosecutorial immunity has not come directly before the Maryland Courts of Appeal, it appears *in dicta* that the absolute immunity of prosecutors is recognized," citing Carr v. Watkins, 227 Md. 578, 583 (1962) and Eliason v. Funk, 233 Md. 351, 356 (1964), which in turn cite Yaselli v. Goff, 12 F.2d 396 (2nd Cir. 1926), *aff'd per curiam,* 275 U.S. 503, wherein a Special Assistant to the Attorney General of the United States was held absolutely immune from civil liability for statements made while performing his duties.

he did indeed appear before the CRC in his official capacity, and that the transcript of his testimony attached to the Amended Declaration as Exhibit 1 demonstrates this. We disagree; it appears that the transcript supports appellant's allegations. At the very least, the testimony sufficiently raises a question on the point. Nevertheless, the trial court ruled that appellee was immune from suit because, in giving testimony, he was performing his duties as an Assistant State's Attorney. We have no doubt that in so ruling the court must have relied upon facts not appearing on the face of the pleadings. This was error.

Witness immunity was an equally unsuitable basis for sustaining the demurrer. The privilege of a witness while testifying in a judicial proceeding was recently discussed in *Adams v. Peck,* 43 Md. App. 168 (1979) and *Korb v. Kowaleviocz,* 285 Md. 699 (1979). In *Korb* the Court of Appeals held that, following the so-called "English" rule, defamatory statements made by a witness while testifying in a judicial proceeding are unconditionally privileged. In *Adams* this Court held that the *Korb*-type privilege extends to communications made by a witness to counsel prior to trial, provided the communication relates in some way to the pending litigation. But we are aware of no Maryland case in which such a privilege has been extended to defamatory statements made by a witness at an administrative, or "quasi-judicial" hearing. Furthermore, we find little or nothing on the face of appellant's pleading to suggest whether the CRC hearing was a "quasi-judicial" proceeding in the first place. Under these circumstances, therefore, the trial court erred in ruling that because appellee was testifying before a "duly authorized governmental agency," appellee was therefore immune.

Although holding as we do that appellant's Amended Declaration sufficiently stated a cause of action to overcome appellee's demurrer, we wish to emphasize that we venture no opinion on the merits of his suit. Whether appellant can prove the allegations which he has made is a question separate and distinct from the one we here address. It may be that, after further proceedings upon proper motions and

after presentation of additional facts upon the record, short of a trial on the merits, appellee will sufficiently demonstrate a basis for prosecutorial immunity, or witness immunity, or both. We suggest that under proper circumstances the Court of Appeals might extend *Korb, supra,* to "quasi-judicial" proceedings. But the question whether the CRC hearing was such a proceeding cannot be answered without further findings of fact.

*Judgment reversed.*

*Case remanded for further proceedings consistent with the views stated in this opinion.*

*Appellee to pay the costs.*