This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Lorne Elbert and the Chestnut Ridge Development Co., appeal from the decision of the Lorain County Court of Common Pleas which granted the motion for summary judgment of Appellees, Carlisle Township, Carlisle Township Board of Trustees, Kenneth Prechtel, Eleanor Pryce, R. Schworer, David Street, and Rosaland Street. We affirm.
 {¶ 2} Appellants filed a complaint against Appellees alleging constitutional violations due to Appellees failure to approve an excavation permit authorizing the installation of a storm sewer pipe under a public road. Thereafter, Appellees filed a joint motion for summary judgment. The trial court, finding no genuine issues of material fact, granted Appellees' motion. Appellants timely appealed raising two assignments of error which have been consolidated for ease of review.
 ASSIGNMENT OF ERROR I "The judgment rendered by the trial court was not appropriate because genuine issues of material fact existed to preclude the granting of [Appellees'] motion for [s]ummary [j]udgment."
 ASSIGNMENT OF ERROR II "[Appellees'] actions violated [Appellants'] constitutional rights under the Fifth Amendment."
 {¶ 3} In their assignments of error, Appellants maintain that the trial court erred by granting Appellees' motion for summary judgment because genuine issues of material fact exist. We disagree.
 {¶ 4} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews a trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
 {¶ 5} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Dresher, 75 Ohio St.3d at 293.
 {¶ 6} The Fifth and Fourteenth Amendments to the United States Constitution guarantee that private property shall not "be taken for public use, without just compensation." In order to establish a taking, a landowner must demonstrate a substantial or unreasonable interference with a property right. State ex rel. OTR v. Columbus (1996),76 Ohio St.3d 203, 206. An interference includes not only the actual physical taking of real property but also the deprivation of an intangible interest in the premises. Id., citing Smith v. Erie R. Co. (1938),134 Ohio St. 135, paragraph one of the syllabus. As the value of property lies in the owner's absolute right of dominion, use, and disposition for every lawful purpose, any physical interference with the owner's use and enjoyment of his property is a taking to that extent. State ex rel OTR,76 Ohio St.3d at 207.
 {¶ 7} In the instant case, Appellants assert that Appellees failure to issue an excavation permit constituted a taking under theFifth Amendment to which they are entitled just compensation. However, Appellants are unable to show that there was a taking of private property, much less private property under their ownership. Appellants do not own the public road on which they sought an excavation permit. Furthermore, one does not possess a property interest in the expectation of the issuance of an excavation permit. See State ex rel. Horvath v.State Teachers Retirement Bd. (1998), 83 Ohio St.3d 67, 73 (stating that "a mere unilateral expectation or an abstract need is not a property interest entitled to protection") and Board of Regents v. Roth (1972),408 U.S. 564, 577, 33 L.Ed.2d 548 (finding that in order to have a property interest one must have a legitimate claim of entitlement in an intangible interest rather than a unilateral expectation). Thus, theFifth Amendment guarantees, which prevent the taking of private property for public use without just compensation, are not applicable in this matter.
 {¶ 8} Additionally, a review of the record reveals that the Lorain County Engineers Department ("LCED") was the division responsible for the processing of all permit applications involving the numerous county and township highways. Thus, in order for Appellants to receive a permit, an application was to have been submitted to the LCED. In the instant case, the City of Elyria applied for an excavation permit in order to install a storm sewer pipe underneath the subject road. There is no evidence that Appellants applied to the LCED for such a permit. Therefore, even if the LCED issued the excavation permit, the City of Elyria would be the holder of the permit and not Appellants.
 {¶ 9} Furthermore, Appellants have asserted their claim against the wrong entities. Although the Lorain County Board Resolution acknowledges that townships may have separate permit requirements for township maintained roads, the LCED, and not the Appellees, was given the authority to issue the required excavation permit. Accordingly, we find that Appellants have failed to meet their Dresher burden of setting forth the existence of a genuine triable issue of fact. The trial court correctly granted summary judgment to Appellees. Appellants' assignments of error are overruled.
 {¶ 10} Appellants' assignments of error are overruled. The decision of the Lorain County Court of Common Pleas is affirmed.
BAIRD, J. and BATCHELDER, J. CONCUR.