THE STATE, EX REL. FEJES, APPELLANT, *v.* CITY OF AKRON, APPELLEE.

[Cite as State, ex rel. Fejes, v. City of Akron, 5 Ohio St. 2d 47.]

(No. 39567—Decided January 5, 1966.)

48

*Messrs. O'Neil & Smith* and *Mr. Ivan L. Smith,* for appellant.

*Mr. R. C. Sheppard,* director of law, and *Mr. James E. Walter,* for appellee.

ZIMMERMAN, J. It is to be noted that the present action was brought against the city of Akron as the sole respondent. It has long been established in this state that in the construction, improvement and maintenance of streets and highways a municipality is engaged in a governmental function, and that there is no liability in such connection, unless liability is expressly imposed by statute. *City of Wooster* v. *Arbenz,* 116 Ohio St. 281, 156 N. E. 210, 52 A. L. R. 518; *Davis* v. *Charles Shutrump & Sons Co.,* 140 Ohio St. 89, 42 N. E. 2d 663; *Taylor* v. *City of Cincinnati,* 143 Ohio St. 426, 447, 55 N. E. 2d 724, 733, 155 A. L. R. 44, 58; *Wall* v. *City of Cincinnati,* 150 Ohio St. 411, 83 N. E. 2d 389; *Standard Fire Ins. Co.* v. *City of Fremont,* 164 Ohio St. 344, 131 N. E. 2d 221.

But relator contends that the earth's disturbance caused by the use of trucks and heavy machinery in preparing the right of way for the building of the highway, whereby her residence property was damaged, constituted a *pro tanto* appropriation of the property for which she has redress under Section 19, Article I of the Constitution of Ohio, which section requires that compensation be made for private property "taken" for a public use.

It is to be observed that this constitutional provision is confined to the "taking" of property and is silent with respect to "damage" to property.

As ordinarily understood, the term, "taking," as used in the Constitution, comprehends "any direct encroachment upon land, which subjects it to a public use that excludes or restricts the dominion and control of the owner over it." *Lake Erie & Western Rd. Co.* v. *Commissioners of Hancock County,* 63 Ohio St. 23, third paragraph of the syllabus, 57 N. E. 1009.

From the averments of the petition herein it is apparent that there was no direct or immediate physical contact with relator's property in the construction work, but that vibrations of temporary duration originating off the property incident to the construction were responsible for the claimed damages. This situation is unlike that in the case of *Lucas* v. *Carney et al., Board of County Commissioners,* 167 Ohio St. 416, 149 N. E. 2d 238, and other cases of the same nature, where there was a direct intrusion and encroachment on the owner's land.

The question then is: Was there a "taking" of property in the instant case?

In the case of *Smith* v. *Erie Rd. Co.,* 134 Ohio St. 135, 16 N. E. 2d 310, the second paragraph of the syllabus reads:

"When there is no taking altogether or *pro tanto*, damages consequential * * * to the construction of the improvement, are not recoverable; under such circumstances, loss suffered by the owner is *damnum absque injuria.*"

In the course of the opinion by Williams, J., it is remarked, at page 144:

"The construction of public improvements often results in the lessening of the value of property near by which is not tak-

en. Since courts in general had held that loss to property owners suffering no taking of their property was *damnum absque injuria* under a constitutional provision allowing compensation for a taking only, persons who emphasized the importance of individual rights as against the public interest started a movement for constitutional change. As a result many of the state constitutions were amended so as to allow compensation for property 'taken or damaged' by the improvement. Under the changed phraseology, most of the courts hold that there may be a recovery for consequential damages without any taking."

There is an elaboration on this subject in the opinion by Matthias, J., in the case of *McKee* v. *City of Akron,* 176 Ohio St. 282, 284, 199 N. E. 2d 592, 593, where it is said:

"It should be noted that this section [Section 19, Article I of the Constitution of Ohio] limits the right to compensation to cases where private property is *taken* for public use. If the framers of the Ohio Constitution intended to require compensation whenever property was damaged by governmental activity, they could have so provided in unmistakable language. Many states have done so. Their constitutions provide in substance that private property shall not be taken for *or damaged* by public use without compensation. See 2 Nichols, Eminent Domain, 376, Section 6.1 [3] n. 29.

"The determination in every case as to whether an Ohio property owner is entitled to compensation for alleged injury to his property resulting from governmental activity hinges on the question of whether there has been a taking of his property. The word, 'taken,' connotes something different from damage to property, and to construe it as meaning 'damaged' would be strained and unnatural. We find that, under the language of the Ohio Constitution, something more than damage to his property is necessary to entitle the owner to compensation. Thus, for plaintiff to recover she must show that there has been a taking of her property. Proof that her property was damaged is not in itself enough to entitle her to compensation. See *Bedford* v. *United States,* 192 U. S. 217, 224; *Transportation Co.* v. *City of Chicago,* 99 U. S. 635, 642." See, also, 18 American Jurisprudence 1028, Section 384.

In the case of *Loomis* v. *City of Augusta*, 151 Kan. 343, 346, 99 P. 2d 988, 990, the statement appears:

"Where there is no actual appropriation of any property the owner is not entitled to claim damages for merely incidental, indirect and consequential injuries which his property may sustain by reason of a public work or construction, where the same is justified by a lawful exercise of the powers of government."

And in *Mayor and City Council of Baltimore* v. *Himmelfarb*, 172 Md. 628, 630, 192 A. 595, 596, 597, involving the construction and maintenance of a public improvement by a municipality, the court said:

"The constitutional right to compensation for private property taken for public use does not extend to instances where the land is not actually taken, but only indirectly or consequentially injured."

And see the further comments following the above quotation.

This brings us to the recent case of *Crisafi* v. *City of Cleveland*, 169 Ohio St. 137, 158 N. E. 2d 379, where this court held in essence that damages to plaintiff's building resulting from subterranean tremors due to a blasting operation on the city's park and zoo grounds were not compensable on the theory that there was a *pro tanto* appropriation of plaintiff's property.

A similar case is that of *Moeller* v. *Multnomah County*, 218 Ore. 413, 345 P. 2d 813, where it was held that blasting operations conducted by the county in its rock quarry, which by earth tremors or concussions caused damage to a nearby home, did not constitute a "taking" of the property under Section 18, Article I of the Constitution of Oregon, and recovery could not be had by the homeowner on the theory of a condemnation of the property. And see the cases from other jurisdictions cited near the close of the opinion in the Oregon case.

It is also pointed out in the Oregon case, in accord with the above quotations from the opinions in the Ohio cases of *Smith* v. *Erie Rd. Co.*, *supra,* and *McKee* v. *City of Akron*, *supra,* that a constitutional phrase employing the term, "taken or damaged," is much broader and more comprehensive than

one where the word, "taking," alone is used, as in the Ohio Constitution.

See, also, *Freigy* v. *Gargaro Co., Inc.*, 223 Ind. 342, 60 N. E. 2d 288, and compare *McKee* v. *City of Akron, supra.*

We are aware of the case of *State, ex rel. Royal,* v. *City of Columbus*, 3 Ohio St. 2d 154, 209 N. E. 2d 405, in which it was held that there is a taking of private property for public use in a constitutional sense where air flights are so low and so frequent over the property as to constitute a direct and immediate interference with the enjoyment and use thereof. But a majority of this court is unwilling to extend the doctrine and implications of that case beyond its particular facts. Compare *City of Jacksonville* v. *Schumann* (Fla.), 167 So. 2d 95; *City of Atlanta* v. *Donald*, 111 Ga. App. 339, 141 S. E. 2d 560; *Thornburg* v. *Port of Portland*, 233 Ore. 178, 376 P. 2d 100; *Martin* v. *Port of Seattle*, 64 Wash. 2d 309, 391 P. 2d 540.

Since the allegations of relator's petition fail to show that there was a "taking" of her property within the contemplation of Section 19, Article I of the Constitution, but shows only consequential damage thereto by the construction work, the petition is demurrable, and the Court of Appeals was correct in sustaining the demurrer to the petition and dismissing the action.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.