DECISION
Plaintiff-appellant, Charles F. Harsh, appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment for defendant-appellee, City of Columbus ("the city").
The gist of appellant's complaint was that appellee negligently constructed or maintained a sewer line running beneath real estate owned by appellant at 485-487 City Park Avenue in Columbus, Ohio. Allegedly due to appellee's negligence, the foundation of the structure located on the real estate settled to the point that the building eventually became unstable and was demolished under a court order issued pursuant to a complaint brought against appellant in the environmental court of Franklin County.
The sewer repairs in question were undertaken by the city in 1982, and were designated as the "Blenkner Street Emergency Sewer Repair Project." Appellant did not purchase the property until 1983, and his affidavit avers that he first became aware of the foundation problems in 1986. The present action by appellant against the city was first brought some eight years later, in 1994, as a counterclaim by appellant to the city's nuisance complaint against appellant in environmental court. His counterclaim was eventually dismissed after appellant complied with the resulting demolition order. Appellant then refiled his claim in 1997, only to voluntarily dismiss it in 1999. The present appeal stems from appellant's refiling in December 1999 of a substantially similar complaint.
In support of its motion for summary judgment, the city submitted the affidavits of Robert B. Myers, a sewer maintenance assistant manager with the city at the time of the sewer repair in 1992, and Michael L. Farrenkopf, a code enforcement officer for the city. Myers's affidavit avers that he was involved with oversight of the Blenkner Street emergency sewer repair project. Myers's affidavit describes the sewer line in question as a fifty-one inch brick sewer running diagonally beneath appellant's property. Myers states that the city repaired the old brick sewer using a method known as "threading," in which a new eighteen inch PVC pipe is inserted through the existing sewer, and the resulting gap between the two pipes is filled with injected grout, a cement and sand mixture. Myers describes the threading process in the vicinity of appellant's property as taking place from open cuts on either side of appellant's property, and that no excavations were made upon appellant's property. Myers states that no collapses or problems occurred during or after the execution of this sewer line replacement project in the vicinity of appellant's property. Furthermore, Myers states that, rather than depriving appellant's property of lateral support, the process of threading new PVC pipe and grouting the gap within the old brick sewer had "the very real effect of providing further support or strengthening the foundation of [appellant's] property."
Farrenkopf's affidavit avers that in the course of his duties as a property maintenance and housing inspector with the city, he had reviewed two "building inspection orders" issued in connection with appellant's property, which were attached to the affidavit and reflect a failing foundation and other significant structural infirmities which predated the Blenkner Street emergency sewer repair project. Farrenkopf additionally states that during the course of his subsequent personal inspections of the subject property, he observed significant neglect, including broken eaves and downspouts which allowed water to flow around and weaken the foundation.
In opposition to summary judgment, appellant submitted his own affidavit and that of Tim Bass, a licensed architect. Appellant's affidavit states that he purchased the property on June 30, 1983, and that he would not have purchased the property had he not found the foundation to be in sound condition. Upon first noticing, in 1986, that the foundation had problems, appellant contacted Tim Bass and they together assessed the situation. Appellant and Bass together concluded that the city, contrary to its position that no excavation had been undertaken on appellant's property, had, in fact, dug a large hole on appellant's property as part of the sewer repair, which was "sagging" over the sewer line and depriving the building of lateral support. After the city refused to repair the settling above the sewer line, appellant complied with the demolition order.
The affidavit of Bass substantially corroborates that of appellant regarding the excavation of appellant's property, and concludes that, in Bass's professional opinion, the foundation failure of the building was caused by a loss of lateral support due to a lack of shoring when undertaking the excavation for sewer repair.
The trial court granted summary judgment for the city on multiple grounds. First, the trial court found that the city was immune from any liability for negligence in the sewer project, because the sewer project was, in fact, a new construction rather than a repair of an existing sewer line and therefore classified as a governmental rather than proprietary function, leading to immunity under R.C. 2744.02. The court further found that the statute of limitations barred appellant's negligence claims. The court additionally found that the city's actions did not constitute a wrongful taking of property without compensation, thus barring recovery on such constitutional grounds. Finally, the court found that there did not remain a material issue of fact regarding the question of whether the sewer project was, in fact, the proximate cause of the deterioration of appellant's building foundation.
Appellant has timely appealed and brings the following assignments of error:
 ASSIGNMENT OF ERROR NO. 1: The Trial Court erred in granting defendant's motion for summary judgment by concluding defendant City of Columbus is immune from liability.
 ASSIGNMENT OF ERROR NO. 2: The Trial Court erred in granting defendant's motion for summary judgment by concluding that defendant's actions did not result in a taking of plaintiff's property.
 ASSIGNMENT OF ERROR NO. 3: The Trial Court erred in granting defendant's motion for summary judgment by concluding that the plaintiff's claims are barred by the statute of limitations.
Appellant's second and third assignments of error present interrelated issues, are dispositive of this case, and will be addressed together.
Initially, we note that this matter was decided on summary judgment. Pursuant to Civ.R. 56(C), summary judgment may be granted only when the trial court determines that there remains no genuine issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, that conclusion being adverse to the party opposing the motion. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
Upon appeal, our review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579. We thus conduct an independent review of the record without deference to the conclusions of the trial court. Jones v. Shelly Co. (1995), 106 Ohio App.3d 440.
The applicable statute of limitations in the present case, although it was not suggested to the trial court, is R.C. 2744.04, governing tort actions against political subdivisions:
 (A) An action against a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, whether brought as an original action, cross-claim, counterclaim, third-party claim, or claim for subrogation, shall be brought within two years after the cause of action arose, or within any applicable shorter period of time for bringing the action provided by the Revised Code. This division applies to actions brought against political subdivisions by all persons, governmental entities, and the state.
Appellant seeks to avoid the two-year statute of limitations of R.C.2744.04, which concededly had lapsed before appellant filed his initial claim in this case via counterclaim, by characterizing the harm allegedly caused to his property as resulting from an unconstitutional "taking" of property without just compensation, in violation of the fifth andfourteenth amendments to the United States Constitution and Section 19, Article I, of the Ohio Constitution. There is a line of cases which suggest that, in takings cases, a twenty-one year statute of limitations would apply, based upon the period required for adverse possession to run in Ohio. Stienle v. City of Cincinnati (1944), 142 Ohio St. 550; Hardale Investment Co. v. State of Ohio, Dept. of Natural Resources (Apr. 14, 2000), Belmont App. No. 98-BA-40, unreported, jurisdictional motion overruled, (2000), 90 Ohio St.3d 1403; Consolidated Rail Corp. v. City of Gahanna (May 16, 1996), Franklin App. No. 95APE12-1578, unreported. Whether the twenty-one year statute of limitations applies in cases not involving actual occupancy of the disputed property by the government, and therefore not invoking principles of adverse possession, is not a settled question in this appellate district. State ex rel. R.T.G., Inc. v. State of Ohio (Mar. 8, 2001), Franklin App. No. 98AP-1015, unreported. Even assuming, arguendo, that the twenty-one year statute of limitations would apply in the present case if a taking were involved, we find that the governmental action complained of in the present case does not constitute a taking and the larger period in which to bring an action is inapplicable.
The question of what constitutes a governmental taking without just compensation has been notoriously difficult to define, and in federal constitutional cases the United States Supreme Court has declined to develop a set formula for determining when a particular infringement upon the owner's free use of the property will be characterized as a taking requiring compensation. Kaiser Aetna v. United States (1979), 444 U.S. 164,175; Penn Central Transp. Co. v. City of New York (1978), 438 U.S. 104,124.
While the Ohio Supreme Court has been similarly fact-specific on the question, it has generally stated, "[t]o establish that a taking exists, Ohio courts have required a substantial or material interference with property rights, as well as substantial or special injury." State ex rel. Taylor v. Whitehead (1982), 70 Ohio St.2d 37, 39. "[S]omething more than damage to [an individual's] property is necessary to entitle the owner to compensation. * * * Proof that [the plaintiff's] property was damaged is not in itself enough to entitle [plaintiff] to compensation." State ex rel. Fejes v. City of Akron (1966), 5 Ohio St.2d 47, 50. While some cases hold that a deprivation of lateral support during, for example, installation of a new street at a substantially lower grade than the existing surface, can constitute a taking when adjoining lots suffer, this appears limited to extreme cases in which wholesale slips and land movement make the adjoining property entirely useless. See, e.g., Keating v. City of Cincinnati (1882), 38 Ohio St. 141. Instances in which the impairment to existing property is better quantified as "damages," than a permanent impairment or deprivation of the property owner's rights, should not be approached under a takings analysis. Dudash v. City of Nelsonville (Aug. 26, 1982), Athens App. No. 1110, unreported; Moore v. City of Columbus (May 2, 1978), Franklin App. No. 77AP-851, unreported. The present facts fall considerably closer to those found in this last cited group of cases, and we accordingly find that, if the damages suffered by appellant in fact resulted from negligence from the city in its sewer repair project, the matter could not be characterized as a taking. We therefore find that the statute of limitations in R.C. 2744.04 applied to bar appellant's action.
Since the claims and defenses set forth in R.C. 2744 do not apply to civil claims based upon constitutional issues, the two year statue of limitations referenced in R.C. 2744 would not apply to an action based upon a "taking." However, we have concluded there was no taking involved here and, thus, appellant's action grounded upon a claim of negligence is governed by a two-year statute of limitations as set forth in R.C. 2744.04.
Based upon the foregoing, appellant's second and third assignments of error are overruled. Appellant's first assignment of error is rendered moot, as are all issues relating to the city's immunity defenses, and the trial court's finding that appellant had failed to establish a material issue of fact on the question of whether the city's sewer repair project was the proximate cause of the alleged damages suffered by appellant. The judgment of the Franklin County Court of Common Pleas granting summary judgment for appellee city of Columbus is accordingly affirmed.
 ____________________ DESHLER, J.
PETREE and BROWN, JJ., concur.