[Cite as *State ex rel. Ribo v. Uhrichsville*, 2012-Ohio-3927.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, ex rel.<br>MARILYN RIBO, et al. | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J. |
| Relators-Appellants | Hon. Julie A. Edwards, J. |
| -vs- | |
| | Case No. 2012 AP 02 0010 |
| CITY OF UHRICHSVILLE, OHIO | |
| Respondent-Appellee | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common Pleas, Case No. 2009 CV 07 0691

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      August 24, 2012

APPEARANCES:

For Relators-Appellants

JOSEPH I. TRIPODI
114 East High Street
New Philadelphia, Ohio 44663

For Respondent-Appellee

GARRY O. HURLESS
Post Office Box 237
New Philadelphia, Ohio 44663

JAMES F. MATHEWS
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720

*Wise, J.*

{¶1} Relators-Appellants Marilyn R. Ribo and Trudi J. Birch appeal the January 13, 2012, decision of the Tuscarawas County Court of Common Pleas granting summary judgment in favor of Respondent-Appellee City of Uhrichsville and dismissing their case.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2} On July 24, 2009, Appellant Marilyn Ribo ("Ribo"), and Appellant Trudi Birch ("Birch"), filed their complaints against Appellees, City of Uhrichsville, Ohio and Former Mayor Rick Rieger (collectively "Uhrichsville") in the Tuscarawas County Court of Common Pleas on July 24, 2009, alleging that they were entitled to a writ of mandamus ordering the City of Uhrichsville to commence an action for the appropriation of their property.

{¶3} Both Ribo and Birch own properties which are located at the south end of Washington Street in Uhrichsville, where that street dead ends into the Stillwater Creek. According to Appellants, portions of their properties have eroded and slipped into the nearby creek as a result of a road repair project undertaken by Uhrichsville in November of 2003.

{¶4} Timely answers were filed on August 20, 2009, in the respective cases.

{¶5} Due to the similarity of issues, the cases were consolidated by order of the lower court entered on September 14, 2009.

{¶6} On July 20, 2011, Appellees filed a motion for summary judgment.

{¶7} On August 19, 2011, Appellants responded with an opposition brief, and the lower court then heard oral arguments on August 29, 2011.

{¶8} By judgment entry filed January 13, 2011, the trial court granted Appellees' motion for summary judgment finding, inter alia, that Appellants' claims were barred by the four-year statute of limitation contained in R.C. §2305.09(E).

{¶9} Relators-Appellants now appeal, raising the following assignments of error:

<u>**ASSIGNMENTS OF ERROR**</u>

{¶10} "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT TO THE APPELLEE AND DISMISSED APPELLANTS' CASE, BASED UPON ITS FINDING THAT "RELATORS' CAUSES OF ACTION ACCRUED BY THE END OF 2004 AT THE LATEST [, AND THAT] RELATORS' CLAIMS ARE BARRED BY THE FOUR YEAR STATUTE OF LIMITATIONS FOUND IN R.C. 2305.09(E)."

{¶11} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT TO THE APPELLEE AND DISMISSED APPELLANTS' CASE WHEN IT FOUND THAT "RELATORS HAVE NOT PRESENTED ANY EVIDENCE THAT DEMONSTRATES A COMPENSABLE TAKING."

{¶12} "III. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT GRANTED SUMMARY JUDGMENT TO THE APPELLEE AND DISMISSED APPELLANTS' CASE, BASED UPON ITS FINDING THAT "BECAUSE TRUDI BIRCH NKA GUY WAS AWARE OF THE PROBLEMS ALLEGEDLY CAUSED BY THE [RESPONDENT] PRIOR TO BECOMING THE OWNER OF THE PROPERTY, SHE IS NOT ENTITLED TO RECOVER FOR THE ALLEGED TAKING THAT OCCURRED PRIOR TO HER OWNERSHIP."

{¶13} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DISMISSED THE CASE AS TO APPELLANT BIRCH BASED UPON ITS FINDING THAT APPELLANT BIRCH IS NOT ENTITLED TO RECOVER FOR THE ALLEGED TAKING THAT OCCURRED PRIOR TO HER OWNERSHIP."

### Summary Judgment Standard

{¶14} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36. Civ.R. 56(C) provides, in pertinent part:

{¶15} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

{¶16} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion

that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶17} It is based upon this standard that we review Appellant's assignments of error.

## I.

{¶18} In their First Assignment of Error, Appellants herein argue that the trial court erred in granting Appellee's motion for summary judgment on the grounds that Appellants' claims were barred by a four-year statute of limitations. We disagree.

{¶19} Pursuant to R.C. §2305.09(E), an action for relief, based upon a physical or regulatory taking of real property, must be brought within four years after the cause has accrued. *Painesville Mini Storage, Inc. v. City of Painesville,* 124 Ohio St.3d 504, 2010-Ohio-920. *See, also, State ex rel. Nickoli v. Erie MetroParks,* 124 Ohio St.3d 449, 2010-Ohio-606; *State ex rel. R.T.G., Inc. v. State,* 98 Ohio St.3d 1, 2002-Ohio-6716. A cause of action for injury to real property and relief on the grounds of a physical or regulatory taking accrues, and the four-year statute of limitations commences to run, when the injury or taking is first discovered, or through the exercise of reasonable diligence, should have been discovered. *Harris v. Liston,* 86 Ohio St.3d 203, 1999-Ohio-159; *NCR Corp. v. U.S. Mineral Prod. Co.,* 72 Ohio St.3d 269, 1995-Ohio-191; *Kay v. City of Cleveland,* Cuyahoga App. No. 81099, 2003-Ohio-171.

{¶20} The facts, as presented by the parties, through the depositions of Trudi Birch nka Guy, Marilyn Ribo, and the deposition and sworn affidavit of Joann Creachbaum, clearly show Appellants were aware of an erosion problem in 2004 and attempted to assign responsibility for the erosion to the City back in 2004.

{¶21} The facts herein demonstrate that: (1) the resurfacing project occurred in November, 2003; (2) Relator Marilyn Ribo and her (late) husband began noticing signs of erosion sometime in 2004; (3) JoAnn Creachbaum, Relator Trudi Birch's mother and predecessor in title, also began noticing erosion in her yard shortly after the re-paving of Washington Street; (4) prior to the resurfacing of Washington Street, JoAnn Creachbaum  heard water rushing under her basement floor; (5) Relator Trudi Birch was aware of the alleged problems with the property in 2004 prior to her ownership of the property.

{¶22} As previously stated, R.C. §2305.09(E) requires that an action for relief on the grounds of a physical or regulatory taking of real property shall be brought within four years after the cause of action has accrued. Herein, Appellants did not file their takings claim until July, 2009, more than four years after the first occasion in 2004 when Appellants alleged that the City was liable for the erosion of their properties following the City's November, 2003, resurfacing project. We also find that the continuous-violation doctrine did not toll the statute of limitations, because the City did not perform or take any additional actions after the November, 2003, project. The present effects of a single past action do not trigger a continuing-violations exception to the statute of limitations. *Nickoli, supra*, at ¶ 33; *Ohio Midland Inc. v. Ohio Dept. of Transp. (C.A.6, 2008),* 286 Fed.Appx. 416. Therefore, because the continuing-violations doctrine does

not toll the application of the statute of limitations, we find that Appellants' claims for mandamus are barred since they were not brought within four years of accrual as mandated by R.C. §2305.09(E).

**{¶23}** Appellants' First Assignment of Error is overruled.

II.

**{¶24}** In their Second Assignment of Error, Appellants argue that the trial court erred in granting summary judgment and finding that they had failed to present evidence demonstrating a compensable taking. We disagree.

**{¶25}** Relators herein claim entitlement to the requested relief in mandamus pursuant to the Takings Clause of the Ohio Constitution. Section 19, Article I of the Ohio Constitution provides:

**{¶26}** "[W]here private property shall be *taken for public use,* a compensation therefore shall first be made in money, or first secured by a deposit of money, and such compensation shall be assessed by a jury." (Emphasis added.)

**{¶27}** In *State ex rel. Blank v. Beasley* 121 Ohio St.3d 301, 304-305, the Ohio Supreme Court explained:

**{¶28}** "We have acknowledged that Section 19, Article I of the Ohio Constitution limits compensation to those situations where private property is *taken* for public use, in contrast to the constitutions of some states, which guarantee compensation for private property that is taken for or *damaged by* public use. *State ex rel. Fejes v. Akron* (1966), 5 Ohio St.2d 47, 50, 34 O.O.2d 58, 213 N.E.2d 353, citing *McKee v. Akron* (1964), 176 Ohio St. 282, 284, 27 O.O.2d 197, 199 N.E.2d 592, overruled on other grounds by *Haverlack v. Portage Homes, Inc.* (1982), 2 Ohio St.3d 26, 2 OBR 572, 442 N.E.2d 749.

Accordingly, we have construed this constitutional provision to require a property owner to prove something more than damage to his property in order to demonstrate a compensable taking. *Fejes*, at 52, 34 O.O.2d 58, 213 N.E.2d 353.

{¶29} In a more recent case, the Ohio Supreme Court set forth the following two-part test for inverse-condemnation claims:

{¶30} "[N]ot every 'invasion' of private property resulting from government activity amounts to an appropriation. The line distinguishing potential physical takings from possible torts is drawn by a two-part inquiry. First, a property loss compensable as a taking only results when the government intends to invade a protected property interest or the asserted invasion is the 'direct, natural, or probable result of an authorized activity and not the incidental or consequential injury inflicted by the action.' *Columbia Basin Orchard v. United States* (Ct.Cl.1955), 132 F.Supp. 707, 709 * * *. * * * Second, the nature and magnitude of the government action must be considered. Even where the effects of the government action are predictable, to constitute a taking, an invasion must appropriate a benefit to the government at the expense of the property owner, or at least preempt the owner's right to enjoy his property for an extended period of time, rather than merely inflict an injury that reduces its value." *State ex rel. Doner v. Zody* 130 Ohio St.3d 446, 2011-Ohio-6117, citing *Ridge Line, Inc. v. United States* (Fed.Cir.2003), 346 F.3d 1346.

{¶31} Upon review, we find that in the case sub judice, the erosion damage to Appellants' properties was not a foreseeable result of the City's actions in repaving Washington Street. Further, there is no evidence that the damage herein was

deliberately inflicted for the purpose of carrying out the Washington Street resurfacing project.

**{¶32}** As to Appellant Birch's claim, there is evidence in the record that an abandoned pipe (sewer line) running under the basement floor in the house caused damages to the house.  No evidence of a causal connection to the City of Uhrichsville or the Washington Street re-paving project was put forth in support of such claims.

**{¶33}** Appellants' Second Assignment of Error is overruled.

III., IV.

**{¶34}** In their Third and Fourth Assignments of Error, Appellants argue that the trial court erred in granting summary judgment, finding that Appellant Birch was aware of the problems prior to ownership of the property and, therefore, was not entitled to recover for any alleged taking.  We disagree.

**{¶35}** As stated above, this Court finds, as did the trial court, that Appellant Birch's claims herein are barred by the statute of limitations. The trial court in this matter further found Appellant Birch lacked standing to raise any takings claims in this matter.

**{¶36}** Appellant Birch did not acquire title to the property until March, 2005.  The record reveals that she admitted that she knew of the erosion problem prior to her ownership of the property and, further, that the undermining of the basement occurred prior to such date. In fact, the basement floor was "opened" for inspection in 2004.

**{¶37}** As Appellant Birch knew of and had notice of the alleged erosion problems and structural problems herein prior to becoming the owner of the property, she would not be entitled to recover for the alleged taking that occurred prior to her ownership.

**{¶38}** While Appellant Birch argues that she should have been given an opportunity to substitute the real party in interest in this case, we find such argument moot based on our finding that such claims are time barred based on the applicable statute of limitations.

**{¶39}** Appellants' Third and Fourth Assignments of Error are overruled

**{¶40}** For the foregoing reasons, the decision of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

By: Wise, J.

Gwin, P. J., and

Edwards, J., concur.

_____

_____

_____

                                        JUDGES

JWW/d 0726

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, ex rel. | : | |
| MARILYN RIBO, et al. | : | |
| | : | |
| Relators-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CITY OF UHRICHSVILLE, OHIO | : | |
| | : | |
| Respondent-Appellee | : | Case No. 2012 AP 02 0010 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.

Costs assessed to Appellants

_____

_____

_____

JUDGES