[Cite as *Sommer v. Ohio Dept. of Transp.*, 2013-Ohio-5943.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

NICK SOMMER, et al.

 Plaintiffs

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

Case No. 2012-04715

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

## ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

{¶ 1} On July 9, 2013, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On July 26, 2013, plaintiffs filed a response. The motion is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶ 4} According to their complaint, defendant, Ohio Department of Transportation (ODOT), began a construction project to expand the I-90 "Innerbelt" bridge which is near plaintiffs' home in the Tremont neighborhood of Cleveland, Ohio.  Plaintiffs, Nick Sommer and Alyssa Birge, allege that the construction caused noise, vibrations, dirt, and debris which have substantially interfered with the use of their residence.  Plaintiffs allege that defendant's actions constitute a temporary taking of their property and both a private and public nuisance.

{¶ 5} In support of its motion, defendant submitted the affidavit of Dave Lastovka, defendant's project manager who was involved with both the design and construction of the project.  In his affidavit, Lastovka described the project as follows:

{¶ 6} "4. The project will replace the existing Innerbelt Central Viaduct truss bridge that was constructed in the 1950s. The bridge will be approximately 135 feet high and 4,347 feet long when completed.

{¶ 7} "5. The first step of the project was the Walworth Run Sewer Realignment Project (WRIR), which started in September 2010 and was completed in July 2011. ODOT coordinated with Northeast Ohio Regional Sewer District (NEORSD) to relocate a section of the Walworth Run sanitary interceptor sewer that was in conflict with the Innerbelt bridge project. The NEORSD managed the project and contracted directly with a contractor to complete that project. The WRIR project required construction around Plaintiffs' home. The WRIR project created unavoidable construction noise and required lanes of traffic around Plaintiffs' home to be closed.

{¶ 8} "6. The construction of the new west-bound lanes of the Innerbelt bridge required the driving of steel beams, called piles, down 180-200 feet to bedrock, to support the new bridge. When piles are pounded into the ground it creates a loud banging sound. The Innerbelt Construction Contract Group 1 for the west-bound bridge

is set to conclude in 2014. The project's design and construction will cost ODOT $293 million.

{¶ 9} "7. Since the Innerbelt project started, I have been and continue to be in or around the project on a bi-weekly basis.  In being around the construction project and surrounding Tremont neighborhood, I have personally experienced the noise, dust, and vibrations that occur in the Tremont neighborhood.

{¶ 10} "8. Any person who comes within approximately one-fourth mile of the project will experience the same noise, vibrations, and restricted access. There is a restaurant next door to Plaintiffs' house that is open to the public. The restaurant, Sokolowskis, is even closer to the highway than Plaintiffs' house. There is also a whole neighborhood of houses behind and across the street from Plaintiffs'. The noise, dust and vibrations can be heard and felt throughout the Tremont neighborhood."


**INVERSE CONDEMNATION**

{¶ 11} Plaintiffs allege inverse condemnation resulting in a taking of their property as a consequence of the construction project rendering their residence "uninhabitable." "As ordinarily understood, the term, 'taking,' as used in the Constitution, comprehends any direct encroachment upon land, which subjects it to a public use that excludes or restricts the dominion and control of the owner over it." *State ex rel. Fejes v. Akron*, 5 Ohio St.2d 47, 49 (1966) quoting *Lake Erie & Western Rd. Co. v. Commissioners of Hancock County*, 63 Ohio St. 23, paragraph three of the syllabus.  "When there is no taking altogether or pro tanto, damages consequential * * * to the construction of the improvement, are not recoverable; under such circumstances, loss suffered by the owner is *damnum absque injuria*." *Id.* quoting *Smith v. Erie Rd. Co.*, 134 Ohio St. 135 (1938).  The word, 'taken,' connotes something different from damage to property, proof that plaintiffs' property was damaged by a construction project is not in itself enough to entitle plaintiffs to damages. *Id.* at 50.  Construction work which causes only

consequential damage to plaintiffs' property does not constitute a "taking" of that property. *Id.* at 52.

{¶ 12} Although plaintiffs contend that the construction project has caused great inconvenience, they acknowledge that they have not been denied access to their property. Inasmuch as there is no evidence to show that plaintiffs' dominion and control over their property has been excluded or restricted, their inverse condemnation claim must fail as a matter of law.

**NUISANCE**

{¶ 13} "'Nuisance' is a term used to designate 'the wrongful invasion of a legal right or interest.'" *Hurier v. Ohio Dept. of Transp.*, 10th Dist. No. 01AP-1362, 2002-Ohio-4499, ¶ 8, quoting *Taylor v. Cincinnati*, 143 Ohio St. 426, 432 (1944). "The liability of the defendant, as well as the plaintiff's entitlement to relief, will depend upon both the nature of the alleged nuisance and the conduct of the defendant. Nuisance may be first designated as 'private' or 'public.' * * * Both of these types of nuisances may then be further categorized as 'absolute nuisance' (nuisance per se) or 'qualified nuisance.'" *Id.*

{¶ 14} "Put in general terms, a private nuisance involves the invasion of the private interest in the use and enjoyment of land." *Zang v. Engle*, 10th Dist. No. 00AP-290 (Sept. 19, 2000). "A public nuisance exists where a neighborhood or any considerable number of persons are annoyed." *Citizens to Protect the Environment, Inc. v. Universal Disposal, Inc.*, 56 Ohio App.3d 45, 52 (10th Dist.1988). Generally, "private parties may not seek to enjoin or abate a public nuisance unless the injury to the complaining party is different from that suffered by the public at large." *Id.*

{¶ 15} Although plaintiffs have alleged both private and public nuisance, the court concludes that the allegations of the complaint sound in public nuisance, which is defined as "an unreasonable interference with a right common to the general public." *Brown v. Cty. Commrs. of Scioto Cty.*, 87 Ohio App.3d 704, 712 (4th Dist.1993). "To

recover damages under a claim of public nuisance, a plaintiff must first establish an interference with a public right and second that the plaintiff has suffered an injury distinct from that suffered by the public at large. * * * The harm suffered by the plaintiff must be different in kind, rather than in degree, from that suffered by other members of the public exercising the public right." *Hurier* at ¶ 9.

{¶ 16} "[W]hen a right of way has been dedicated or is taken for a highway, an abutting owner must accept whatever increased volume of traffic results thereon." *Widmer v. Fretti*, 95 Ohio App. 7, 17 (6th Dist.1952). "Elements of increased noise, dust, vibration, inconvenience, etc., are not recoverable." *Smith v. Peyatt*, 11th Dist. No. 3759 (May 6, 1988); *see also Bigler v. Ohio Valley Coal Co.*, 8th Dist. No. 60848 (Aug. 6, 1992); *Clabaugh v. Harris*, 27 Ohio Misc. 153 (C.P.1971).

{¶ 17} The harm alleged by plaintiffs includes excessive construction noise, related dirt and debris, and a sudden invasion of "wildlife" on their property, including groundhogs, birds, rats, mice, and feral cats. Plaintiffs acknowledge that the construction project is adjacent to other neighborhood properties, including residences and a restaurant which is situated next door to plaintiffs' home. Plaintiffs have failed to demonstrate how the alleged harm is different in kind from that experienced by the other property owners who live near the construction project.

{¶ 18} Furthermore, ODOT is authorized by R.C. 5501.11(A)(1) to "establish state highways on existing roads, streets, and new locations and construct, reconstruct, widen, resurface, maintain and repair the state system of highways and bridges and culverts thereon." Conduct that is fully authorized by statute or administrative regulation is generally not actionable as a public nuisance. *Hager v. Waste Technologies. Indus.*, 7th Dist. No. 2000-CO-45, 2002-Ohio-3466, ¶ 80; *Brown* at 713.

{¶ 19} In their depositions, plaintiffs concede that there has not been any physical damage either to their residence or to their land; that no construction equipment has come into contact with their property; and that they will be able to use and enjoy their property in the same manner when the construction has ended. Plaintiffs have

presented no evidence of conduct on the part of defendant that is not authorized by law. For the foregoing reasons, the only reasonable conclusion to be drawn is that plaintiffs cannot prevail on their nuisance claim.

{¶ 20} Accordingly, the court concludes that there is no genuine issue as to material fact and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiffs.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Gary A. Ebert                                    Velda K. Hofacker
Jazmyn J. Stover                                 Assistant Attorney General
Thomas G. Haren                                  150 East Gay Street, 18th Floor
26600 Detroit Road, Suite 300                    Columbus, Ohio 43215-3130
Westlake, Ohio 44145-2397

004
Filed August 30, 2013
Sent to S.C. Reporter April 30, 2014